# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY E. WEIR, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | NO. 13-3205 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

In an Order entered on July 26, 2013, the Court dismissed Petitioner Rickey E. Weir's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and declined to issue a certificate of appealability.

On February 26, 2014, the United States Court of Appeals for the Seventh Circuit found no substantial showing of the denial of a constitutional right and denied a certificate of appealability.

Pending now before the Court is the Plaintiff's Amended Motion for Relief pursuant to Rule 60(b)(6).

## I. BACKGROUND

In his initial § 2255 motion, the Petitioner argued that trial counsel allegedly misled Weir to believe that a direct appeal had been timely filed. Weir further alleged

that counsel was ineffective for 1) failing to adequately research the case in preparation for trial; 2) failing to move to withdraw the Petitioner's guilty plea; and 3) failing to properly argue mitigating factors at sentencing.

In its Order dismissing the case, the Court found the Petitioner's motion was "barred by Weir's waiver of his collateral rights." The Seventh Circuit denied a certificate of appealability.

On September 2, 2016, the Petitioner filed a Motion for Relief pursuant to Rule 60(b)(6). On September 22, 2016, Weir filed an amended motion. On October 11, 2016, the Government filed its response. On October 25, 2016, Weir filed a reply and, on October 28, 2016, the Government filed a supplement to its response.

The Court notes that the inmate locator feature on the Bureau of Prisons website shows that Petitioner Rickey E. Weir was released on October 27, 2016, the day after briefing on this motion was complete. Because he is under supervised release, which is classified as a form of custody, § 2255 would be available to the Petitioner. *See Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). Accordingly, the Court will consider the motion for relief from judgment.

II. DISCUSSION

As the Court noted in dismissing the § 2255 motion, the Petitioner's plea agreement contained a standard Waiver of Right to Collateral Attack. Relying on

*Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), the Court stated the "only two exceptions to the enforceability of a collateral attack waiver [are] (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver." Doc. No. 6 at 13. The Court further stated, "Any claim must tie directly to the negotiation of the collateral attack waiver, not merely to the plea agreement generally, or to the decision to plead guilty. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)" and that "Weir has not alleged that counsel was ineffective in negotiating the waiver of collateral attack rights." Doc. No. 6 at 12-13. The Court ultimately found that the "action is barred by Weir's waiver of his collateral rights." Doc. No. 6 at 13.

Two months after this Court entered an Order of Dismissal, the Seventh Circuit stated:

> we have never held that the waiver is unenforceable only when counsel is ineffective in negotiating the specific waiver provision. Instead, our cases since *Jones* have affirmed that an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable.

*Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013) (emphasis added). In *Hurlow*, "The district court reasoned that the waiver in the plea agreement barred Hurlow's motion because Hurlow had not alleged that his counsel was ineffective with regard to negotiation of the waiver and his statements at his plea colloquy

3

indicated that his plea was knowing, intelligent and voluntary." *Id*. at 961 (internal quotation marks).

The Seventh Circuit explained in *Hurlow* that it upheld the waiver in *Jones* "because the defendant made no showing whatsoever with respect to his 'naked assertions that he was denied effective assistance of counsel and that the agreement was involuntary.'" *Id*. at 965 (citation omitted). The Seventh Circuit concluded that Hurlow's § 2255 claims were "sufficient to overcome the waiver in his plea agreement" even though he did not expressly challenge the negotiation of the agreement itself. *Id*. at 966-67.

The Petitioner here alleges that, as in *Hurlow*, the fact that Weir did not allege ineffectiveness in relation to the actual negotiation of the plea waiver should not have barred him from overcoming the collateral review waiver. An individual seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that would justify reopening the case. *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). The Seventh Circuit discussed the nature of these "extraordinary circumstances," as follows:

> Rule 60(b)(6) is fundamentally equitable in nature. . . . It thus requires the court to examine all of the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief. Pertinent considerations include, though are not limited to, a change in the Supreme Court's

approach to the fundamental rules for deciding habeas corpus cases; the diligence of the petitioner; whether alternative remedies were available but bypassed; and whether the underlying claim in one on which relief could be granted.

*Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015) (internal citations omitted).

The Petitioner here notes that the court in *Ramirez* vacated the denial of Ramirez's Rule 60(b) motion based on the Supreme Court's recent decisions in *Trevino v. Thaler*, 113 S. Ct. 1911 (2013) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, at 1320.

The Petitioner here proceeded on collateral review *pro se*. Weir also sought a certificate of appealability without the assistance of counsel. He submitted his application for a certificate of appealability on October 21, 2013, soon after the Seventh Circuit decided *Hurlow*. Weir referenced *Hurlow* in his motion, but did not make any citation as to the actual opinion or argument as it related to his case. The Petitioner asserts that, consistent with *Martinez* and *Trevino*, Weir's lack of adequate

5

representation on collateral review should not bar his claims now.

The Petitioner notes that, soon after this Court denied his § 2255 motion on the basis that Weir did not allege ineffective assistance of counsel in connection with the negotiation of the collateral attack waiver, the Seventh Circuit admonished courts against such a narrow reading of *Jones* and held that claims of ineffective assistance of counsel related to the guilty plea itself could be sufficient to overcome a collateral review waiver. *See Hurlow*, 726 F.3d at 965. Weir claims that his ineffective assistance claim related to the plea agreement itself is sufficient to overcome the plea waiver. Consistent with *Hurlow* and *Ramirez*, the Plaintiff alleges the Court should grant Weir Rule 60 relief and decide the merits of his ineffective assistance of counsel claims.

The Government was initially not required to respond to the Petitioner's § 2255 motion because it was dismissed based on the collateral attack waiver contained in Weir's plea agreement. Thus, the Government until now has not had an opportunity to address the issues raised in the § 2255 motion.

The Government contends that Petitioner's original § 2255 motion was untimely. Because Weir did not file a notice of appeal, his conviction became final when the deadline for filing a notice of appeal expired. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Pursuant to Federal Rule of Appellate

Procedure 4(b), Weir had fourteen days from the entry of judgment on September 25, 2009, to file a notice of appeal. Accordingly, Weir's conviction became final on or about October 9, 2009. Under § 2255(f), Weir would have had one year from the date on which his conviction became final to file his § 2255 motion, which means it would have been due on or about October 9, 2010. His § 2255 motion was not filed until July 15, 2013, and thus was almost three years late.

In his motion, the Petitioner acknowledged that his claim was untimely but alleged he was entitled to equitable tolling. There must be "extraordinary circumstances" in order for equitable tolling to apply. *See Holland v. California*, 560 U.S. 631, 652 (2010). Weir contends that because he believed his trial counsel was pursuing a notice of appeal of his criminal conviction, he should be excused from failing to comply with the one-year period of limitations to file his § 2255 motion. However, attorney negligence is not an extraordinary circumstance and even incarcerated clients must "vigilantly oversee" and are ultimately responsible for their attorney's actions or failures. *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003). In fact "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client." *Id*.

Based on the foregoing, the Court concludes the Petitioner's claims that trial counsel misled him regarding the filing of his appeal, if true, does not qualify as an

7

"extraordinary circumstance" that would warrant equitable tolling of the one-year period of limitations. Because Weir filed his § 2255 motion well outside the filing period, the Court will dismiss the motion.

The Court further concludes that, even if equitable tolling were to apply, the Petitioner's allegations of ineffective assistance of counsel during the negotiation of his guilty plea are vague, conclusory, and directly refuted by the record in this case. Accordingly, the amended motion for relief under Rule 60(b)(6) would be denied for those reasons as well.

Ergo, the Amended Motion of Petitioner Rickey E. Weir for relief pursuant to Rule 60(b) [d/e 24] is DENIED.

ENTER: May 3, 2017

        FOR THE COURT:

           /s/ *Richard Mills*
           Richard Mills
           United States District Judge